UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

CHARLES L. LETT, SR.,   Case No. 04-11858

    Debtor.

STATE OF ALABAMA, by and through the
ALABAMA DEPARTMENT of ECONOMIC and
COMMUNITY AFFAIRS,

    Plaintiff.

v.   Adv. No. 05-01040

CHARLES L. LETT, SR., and
CHARLES L. LETT, M.D., P.C.,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AND DISMISSING PLAINTIFF'S COMPLAINT**

H. William Wasden & J. Robert Turnipseed, Attorneys for Plaintiff, Mobile, Alabama
Collins Pettaway, Jr. & J.L. Chestnut, Attorneys for Defendants, Selma, Alabama

This matter came before the court on the plaintiff's complaint objecting to the dischargeability of its claim pursuant to 11 U.S.C. §§ 523(a)(2) and (4), defendants' motion for judgment as a matter of law. The court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the court finds that the defendants' motion for judgment as a matter of law should be granted and the plaintiff's complaint should be dismissed.

-1-

FACTS

On March 26, 2004, Dr. Charles Lett filed an individual Chapter 11 bankruptcy case. On March 29, 2004, the bankruptcy court sent out notices of the bankruptcy filing to all of the creditors listed in Dr. Lett's bankruptcy petition. The plaintiff in this action, the State of Alabama, by and through the Alabama Department of Economic and Community Affairs (ADECA), was listed as a creditor in Dr. Lett's bankruptcy case and received the court's notice of the bankruptcy filing. The notice mailed by the court stated that the section 341 meeting of creditors was scheduled to be held in his case on May 13, 2004. The notice however, did not list a specific deadline by which complaints to determine dischargeability under § 523(c) had to be filed. Although the court's notice included a section in which the court normally inserts the deadline, for reasons unknown, that space was left blank on the notice.

On May 13, 2004, the date first set for the § 341 meeting, plaintiff's counsel filed a formal notice of appearance as counsel for the State of Alabama in Dr. Lett's bankruptcy case. On June 28, 2004, ADECA filed a notice of the taking of the deposition of Dr. Lett with the court. That deposition was conducted. Despite being actively involved in Dr. Lett's bankruptcy case[1], ADECA never filed a motion to extend the time to file a § 523(c) dischargeability complaint. On March 24, 2005, ADECA filed the present complaint against Dr. Lett and his professional corporation seeking to have its claim against Dr. Lett deemed nondischargeable

---

[1] On October 27, 2004, ADECA filed a motion to take Dr. Lett's Rule 2004 examination. The court granted this motion, over Dr. Lett's objection. On December 23, 2004, ADECA filed a motion for extension of time for filing objections to Dr. Lett's disclosure statement and plan of reorganization, which the court granted. After some scheduling problems and continuances requested by Dr. Lett, the 2004 examination of Dr. Lett by ADECA was held and concluded on February 23, 2005. On March 9, 2005, ADECA filed an objection to Dr. Lett's disclosure statement.

under 11 U.S.C. § 523(a)(2) and (4) and against the professional corporation under an alter ego theory.

The defendants raised several affirmative defenses in their answer to the complaint, including the defense that the statute of limitations had run before the complaint was filed. Later in their pretrial position statement, the defendants again raised the statute of limitations defense and stated that the 60 day filing period had expired, making reference to Bankruptcy Rule 4007(c), although the Rule was not cited. The defense also orally moved the court to dismiss ADECA's complaint at the opening of the trial, based on statute of limitations grounds. However, the defendants never specifically cited Rule 4007(c) or informed the court that the motion was based on Rule 4007(c). The defendants only argued that the statute of limitations generally applied and that the state statute of limitations for fraud applied. Based on these arguments, the court denied the oral motion to dismiss and proceeded with the trial. At the conclusion of the plaintiff's case, the defendants made an oral motion for judgment as a matter of law based on insufficient proof of fraud under § 523, statute of limitations, and estoppel. The court took this motion under advisement and continued with the trial. At the close of all evidence, the defendants' orally renewed their motion for judgment as a matter of law, which the court again took under advisement.

The trial of ADECA's fraud allegations against the defendants lasted much longer than the two days originally anticipated by the parties. The trial consisted of live testimony from 14 witnesses, three additional witnesses presented through deposition transcripts, and well over 100

-3-

Case 05-01040    Doc 45    Filed 05/12/06    Entered 05/12/06 13:28:59    Desc Main
Document    Page 3 of 11

exhibits presented over the course of five days of trial spread out over several months.[2] At the conclusion of the trial, the parties and the court agreed that closing arguments would be submitted by briefs, after full and complete copies of the trial transcripts were available. Upon receipt of the transcripts ADECA submitted its closing brief on March 23, 2006. The defendants filed their closing statement and its formal written motions for judgment as a matter of law on April 6, 2006. ADECA filed its rebuttal on April 10, 2006.

On April 12, 2006, the defendants filed a response to ADECA's rebuttal taking issue to ADECA's allegation that there was no issue with the complaint being untimely filed under Rule 4007. The defendants' response also included a motion for leave of court to allow the response. ADECA objected to this motion and moved to strike the response. The court, by order dated April 17, 2006, granted the defendants' motion for leave and denied ADECA's motion to strike, allowing the defendants' response to stand and giving ADECA five days to file a response. ADECA filed their reply to the defendants' response on April 21, 2006, asserting that defendants' argument that Rule 4007 barred the filing of this adversary complaint was untimely and without merit because no deadline for filing dischargeability complaints was included in the court's initial notice to the parties of the first meeting of creditors, the court never set a deadline for filing such complaints, and the court had agreed to not set a deadline until after ADECA had concluded its reconvened deposition of Dr. Lett.

---

[2] Because the parties had originally projected that the trial would only last two days, when additional trial dates were needed scheduling problems arose between the parties, their respective counsel, witnesses, and the court. As a result, the five days needed to finish the trial were nonconsecutive and spread out over the course of several months, beginning on November 9, 2005, and finally concluding on February 6, 2006.

-4-

LAW

The complaint by ADECA seeks to have the judgment debts owed to it by Dr. Charles Lett declared nondischargeable under 11 U.S.C. § 523(a)(2) and (4) for alleged fraudulent conduct.[3] Section 523(c) of the Bankruptcy Code requires that a creditor seeking nondischargeability under either of these sections must file a adversary complaint requesting that the bankruptcy court determine the dischargeability of the debt or the debtor will be discharged of the debt. 11 U.S.C. § 523(c). Section 523(c), in pertinent part, states:

> [T]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6) or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

*Id.* Federal Rule of Bankruptcy Procedure 4007(c) sets forth the time for filing such a complaint under § 523(c). Fed.R.Bankr.P. 4007(c). Rule 4007(c) states:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The Court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

*Id.* Therefore, reading § 523(c) and Rule 4007(c) together, a creditor seeking nondischargeability of a debt under § 523(a)(2), (4), (6), or (15) must file a dischargeability complaint in the bankruptcy court no later than 60 days after the first date set for the debtor's § 341 meeting of creditors, unless the creditor files a motion for extension of time before the 60 days has expired

---

[3] The complaint is also against Charles L. Lett, M.D., P.C., under an alter ego/piecing the corporate veil theory. However, no evidence at trial or argument was ever presented by ADECA as to this claim. Therefore, the court concludes that the claim has been abandoned by ADECA and the court will dismiss the claim accordingly.

-5-

and the court grants such motion. 11 U.S.C. § 523(c); Fed.R.Bankr.P. 4007(c). Otherwise the debt will be discharged. *Id.*

As noted above, the date first set for Dr. Lett's § 341 meeting of creditors was May 13, 2004. So under the Rule and Code section previously cited, ADECA had 60 days from May 13, 2004 (which was July 12, 2004) to file its dischargeability complaint against Lett under § 523(a)(2) and (4). *Id.* However, ADECA did not file its complaint until March 24, 2005, well after the time had expired under Rule 4007(c). Further, ADECA did not file a motion for extension of time before the deadline either.

However, Rule 4007(c) also states that the court "shall give all creditors no less than 30 days' notice" of the deadline. Fed.R.Bankr.P. 4007(c). This deadline is typically provided by the court to all creditors in the notice of bankruptcy the court sends informing parties when the § 341 meeting of creditors is set. The notice the court sent in Dr. Lett's case contained the date of the meeting of creditors, but the deadline date was inexplicably left blank. ADECA argues that because the court never provided notice of the deadline as required by Rule 4007(c), no deadline was ever set, and thus its complaint was timely filed.

The fact that the court's notice left the space for deadline blank did not relieve ADECA of its duty to file within the time period prescribed by Rule 4007. *Durham Ritz, Inc. v. Williamson (In re Williamson)*, 15 F.3d 1037 (11th Cir. 1994); *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 460 (11th Cir. 1988). In a virtually identical case, the Fifth Circuit held that the creditor was on notice of the time limit even though the court clerk left the space for the deadline to file objections to dischargeability blank and the clerk's office gave subsequent assurances that no deadline had been set. *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987). This reasoning

was adopted by the Eleventh Circuit in *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 460 (11th Cir. 1988). ADECA could not take the blank deadline space on the court's notice to mean no deadline had been set. It instead could rely on the clear requirements of Rule 4007. *In re Williamson*, 15 F.3d at 1039.

In addressing the 30 day notice provision of Rule 4007(c), the Eleventh Circuit in *Alton* stated "[a] holding that the language of Rule 4007(c) about notice gives a creditor the right to such official notice before he is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. Section 523, which makes actual notice sufficient to impose a duty-to-inquire on the creditor." *In re Alton*, 837 F.2d at 460. The court in *Neeley* held that "the clerk's failure to provide notice does not suspend the running of the fixed limitations period." *Neeley*, 815 F.2d at 345.

ADECA had actual notice of the bankruptcy proceeding. Even though the initial notice left the deadline for filing dischargeability actions blank, ADECA was on notice of the proceeding and the requirements of Rule 4007. "The sixty day deadline applies regardless of the thirty day notice if the creditor has actual notice of the bankruptcy proceeding and sufficient time to file a dischargeability complaint." *In re Williamson*, 15 F.3d at 1039. ADECA had sufficient time to file a dischargeability complaint because it filed its notice of appearance in the case on the same day as the date first set for the meeting of creditors, meaning ADECA had the full 60 days from the date it filed its notice of appearance until the deadline. Furthermore, ADECA even deposed Dr. Lett nearly two weeks prior to the deadline, clearly giving it sufficient time to file its complaint or at least a motion for extension before the time expired.

This was not a case of a creditor relying on an incorrect date given by the court. There

-7-

was no date given by the court. ADECA could have calculated the deadline for itself. This conflict could have been avoided by ADECA filing either its complaint or a motion for extension of time within the 60 day period. *See id.*

Additionally, this case does not present a due process violation. ADECA received actual written notice of the bankruptcy proceeding. This was sufficient to put ADECA on notice of the time requirements of Rule 4007. *Id.*; *Alton*, at 461. ADECA does not argue that it was unaware of the bankruptcy, only that it should have received additional notice of the deadline. The Fifth Amendment does not require such notice. *Williamson*, at 1039.

The court and the parties endured a long, drawn out trial, the court has heard all the evidence, and the parties have expended significant costs litigating this matter. However, the clear case law cannot be disregarded. "[T]he time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor [ADECA] to follow the case and to take the timely action necessary to pursue [its] claim." *Id.* at 1040 (quoting *Alton*, at 459). Just like the creditors in *Alton* and *Williamson*, ADECA could have protected itself by simply filing within the 60 day period set forth in Rule 4007. It was ADECA's inaction and not any action by Lett or the court that caused the filing to be late. Any harm to ADECA could have been avoided by simply following Rule 4007.

ADECA also alleges that because of delays in taking the rescheduled deposition of Dr. Lett, the court agreed that no deadline for filing a dischargeability complaint would be set until after the deposition could be concluded. The court does not remember any such agreement. If ADECA believed an agreement was made, it should have provided evidence of the agreement. On June 28, 2004, ADECA filed a notice with the court that it was conducting a deposition of

-8-

Case 05-01040    Doc 45    Filed 05/12/06    Entered 05/12/06 13:28:59    Desc Main
Document    Page 8 of 11

Dr. Lett. That deposition was conducted by ADECA. Thereafter, according to the court's records, ADECA did not file anything with the court until September 7, 2004, (nearly two months after the deadline), nor did ADECA appear at any hearings before the court until October 7, 2004 (nearly three months after the deadline). Additionally, the first filing by ADECA that even mentioned the potential of a dischargeability action was not until October 27, 2004 (about three and a half months after the deadline). Even if ADECA would have requested that the court extend the deadline for filing § 523(c) complaints on one of the occasions it appeared after the deposition it would have already been too late for the court to grant an extension. *See Alton*, at 459 ("Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made *before* the running of that period. There is 'almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.'") (quoting *In re Maher*, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985). To have had the time period extended, ADECA would have had to have filed a motion for extension no later than July 12, 2004; it did not. Thus the time was not extended and ADECA's complaint is time barred.[4]

The court realizes that dismissing ADECA's complaint on timeliness grounds after the trial has already concluded is a harsh result considering the time, effort and cost expended

---

[4] On December 23, 2004, ADECA did file a motion for extension of time to extend the deadlines for filing objections to Dr. Lett's disclosure statement and his plan of reorganization. In that extension motion, which was timely filed before the applicable deadline for filing such objections, ADECA cited its difficulty in conducting Dr. Lett's 2004 examination as grounds for the extension. The court granted that extension. No other extension motion was filed by ADECA in Dr. Lett's case. Even if the court treated the December 23, 2004 extension motion as a motion to extend for filing § 523(c) complaints, it would have been more than five months too late. The court never agreed to extend the deadline for filing § 523(c) dischargeability complaints and ADECA never filed a motion for extension of time to do so.

litigating this matter. But the court cannot allow the harsh result to make bad law. *See Alton*, at 459 (quoting *FCC v. Woko, Inc.*, 329 U.S. 223, 229 (1946) ("We agree that this is a hard case, but we cannot agree that it should be allowed to make bad law."). Despite the long trial and the alleged misconduct of Dr. Lett, the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed on obligation on ADECA to take the timely action necessary to pursue its claim. *See Alton*, at 459. The dictates of the Code and Rules are clear. It is not this court's place to change them. Under the circumstances of this case, the court cannot ignore the clear application of the rules establishing the deadline. As stated by Judge Killian in the case of *In re Woods*, 260 B.R. 41 (Bankr. N.D. Fla. 2001), "the deadlines provided for the rules 'are to be interpreted strictly, and in a manner consistent with the Code's policies . . . favor[ing the] fresh start for the debtor, and [the] prompt administration of the case.'" *In re Woods*, 260 B.R. at 43 (citing *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992)). Therefore, ADECA's untimely complaint against Dr. Lett will be dismissed with prejudice. Accordingly, no discussions or determinations of the § 523 (a)(2) and (4) fraud allegations in ADECA's complaint are warranted.

The only remaining claim in ADECA's complaint was against Dr. Lett's professional corporation, Charles L. Lett, M.D., P.C., on an alter ego/piercing the corporate veil theory. As this claim is not governed by § 523(c) it was timely filed. See Rule 4007(b) ("A complaint other than under § 523(c) may be filed at any time."). However, ADECA did not provide any evidence of this claim during the trial nor did it address this claim in its closing briefs. Therefore, the claim against Charles L. Lett, M.D., P.C. was abandoned by ADECA and will be dismissed without prejudice.

-10-

It is unfortunate that both parties expended significant resources on this matter when it never should have proceeded to trial. ADECA could have avoided this result by complying with the time limitations of Rule 4007(c). On the other hand, the trial could have also been avoided if prior to the trial, the defendants would have specifically cited Rule 4007(c), the Eleventh Circuit cases of *Alton* or *Williamson* or at least clearly indicated that its "statute of limitations" defense was based on the time limitations for filing § 523(c) complaints.[5] As no such citations were given, the court did not realize the complaint was filed after the Rule 4007(c) deadline until after the trial had concluded. For these reasons, the court will not award costs or fees resulting from this trial to either side.

THEREFORE IT IS ORDERED:

1) The defendants motion for judgment as a matter of law is GRANTED;

2) The plaintiff's complaint against Dr. Charles L. Lett is DISMISSED WITH PREJUDICE;

3) The plaintiff's complaint against Charles L. Lett, M.D., P.C. is DISMISSED WITHOUT PREJUDICE;

4) The judgment debts owed by Dr. Charles L. Lett to the State of Alabama by and through the Alabama Department of Economic and Community Affairs are DISCHARGEABLE.

Dated: May 12, 2006

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

---

[5] The defendants pretrial position statement did make reference to the 60 day time period in Rule 4007(c), but did not cite any Rule or Code section. Although the time limitations of Rule 4007(c) can be considered a statute of limitations defense, without citation to the Rule, the court did not realize the inference was to Rule 4007(c) until after the trial had concluded.

-11-